IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| CONNIE KELLEY, WILLIAM KELLEY, | ) |
| Plaintiffs, | ) 2:25-CV-01298-MJH |
| vs. | ) |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, | ) |
| Defendant, | |

OPINION AND ORDER

Plaintiffs, Connie Kelley and William Kelley, filed the within breach of contract, statutory bad faith, and promissory estoppel action in the Allegheny County Court of Common Pleas against Defendant, Allstate Vehicle and Property Insurance Company. (ECF No. 1-7). Allstate removed pursuant to 28 U.S.C. § 1441. (ECF No. 1). The Kelleys now move for remand. (ECF No. 5).

Following consideration of the Kelleys' Amended Complaint (ECF No. 1-7), Allstate's Notice of Removal (ECF No. 1), the Kelleys' Motion for Remand (ECF No. 5), the respective responses and briefs (ECF 10 and 11), and for the reasons stated below, the Kelleys' Motion for Remand will be denied.

I. Background

The Kelleys initiated this action in state court alleging a single count for breach of contract alleging damages in excess of $50,000. (ECF No. 1-3). Allstate filed Preliminary Objections pursuant to Pa.R.C.P. 1028 seeking to cure deficiencies in the Kelleys Complaint, in part, because Allstate was unable to determine the Kelleys' claimed damages. (ECF No. 1 at ¶ 3). In response to Allstate's Preliminary Objections, the Kelleys filed an Amended Complaint

asserting breach of contract, statutory bad faith, and promissory estoppel and seeking damages of $153,161.06 plus punitive damages and attorneys' fees pursuant 42 Pa.C.S. § 8371. *Id*. at ¶¶ 11-14. Therefore, Allstate removed on the basis that the Kelleys' Amended Complaint meets the amount in controversy threshold of $75,000 for diversity jurisdiction.

II.   Discussion

The Kelleys argue for remand on the basis that Allstate's Notice of Removal was time barred, because it was not filed within 30 days after it could first ascertain that the case was removable. The Kelleys do not dispute that the parties are diverse, but maintain that Allstate should have been aware that the original Complaint, filed on May 2, 2025, contained sufficient information, in an attached "Estimate of Repair," that the amount in controversy exceeded $75,000. Therefore, the Kelleys maintain that the Notice of Removal, filed on August 25, 2025, exceeded the 30-day limit for removal pursuant to 28 U.S.C. § 1446.

Allstate contends that, while the Kelleys affixed an "Estimate of Repair" to their original Complaint, they did not allege that the same represented their sought-after damages, that the same remained unpaid by Allstate, or that there was coverage for all the damages. Allstate further maintains that the Complaint included vague allegations that "the Estimate set forth the "extent of the damage to the property" and that Allstate "partially denied coverage…and/or failed to fully indemnify Plaintiffs for the losses sustained." Therefore, Allstate argues that the Complaint was not sufficiently specific to apprise it of the Kelleys' claimed damages, which was the impetus for its Preliminary Objections in state court.

Under 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants to the district court of the United States for the district and division embracing the

2

place where such action is pending." Original jurisdiction in the federal courts is present when the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a).

A notice of removal shall be filed within 30 days following the defendant's receipt of an amended pleading or other paper from which it may first be ascertained that the case is one which is or has become removable, if the complaint did not make it clear that it could be removed. 28 U.S.C. § 1446(b)(3). This thirty-day removal clock does not begin to run until the defendant receives a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present. *Judon v. Travelers Prop. & Cas. Co. of Am.*, 773 F. 3d 495, 509, n.13 (3d Cir. 2014). The Third Circuit has further held:

> [T]he text of § 1446(b) requires that courts focus on what a defendant receives, and not on what knowledge it possesses. Thus, whether removal is timely under § 1446(b) depends on whether [a] document [the defendant receives] informs the reader, to a substantial degree of specificity, [that] all the elements of federal jurisdiction are present.

*McLaren v. UPS Store Inc.*, 32 F.4th 232, 238 (3d Cir. 2022). Further, "the defendant has no independent duty to investigate whether or not a case is removable." *Kukla v. Walmart Stores*, Civ. No. 17-4528, 2017 WL 6206261, at *6 (E.D. Pa. Dec. 7, 2017).

Here, the Kelleys' original Complaint, despite attaching an Estimate of Repair, was sufficiently vague such that as Allstate could not ascertain the amount in controversy for which it could be liable should the Kelleys succeed on their breach of contract claim. Based upon a lack of specificity, Allstate appropriately filed Preliminary Objections, which led to the Kellleys filing of an Amended Complaint, establishing an action removable to federal court. Allstate's removal, following the Amended Complaint, was therefore timely.

Accordingly, the Kelleys Motion for Remand will be denied.

ORDER

For the reasons stated, the Kelleys' Motion for Remand is denied. They shall respond to Allstate's Motion to Dismiss (ECF No. 7) on or before October 14, 2025. Any reply shall be filed by October 21, 2025.

DATED this 23rd day of September, 2025.

BY THE COURT:

_____
MARILYN J. HORAN
United States District Judge